UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BATISTA,<br><br>        Plaintiff,<br><br>   -against-<br><br>PATTERSON ET AL,<br><br>        Defendants. | 20-CV-5688 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, currently incarcerated in the Metropolitan Correctional Center ("MCC"), brings this *pro se* action alleging that Defendants violated her federal constitutional rights. By order dated July 24, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1]

## DISCUSSION

### A.  Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee even when they have been granted permission to proceed IFP.

be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 Fed. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Patterson, Vitale, Grijalva, and Nash through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue summonses; and (3) and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.   **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of

2

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Patterson, Vitale, Grijalva, and Nash; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   August 4, 2020
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.