UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                            :
SAMANTHA I. BATISTA,                                 :

                           Plaintiff,                        :
                                                      :          20 Civ. 5688 (JPC)
      -v-                                        :
                                                      :          OPINION
MS. PATTERSON *et al.*,                             :          AND ORDER

                       Defendants.                   :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Samantha Batista, a federal inmate previously incarcerated at the Metropolitan Correctional Center ("MCC") in New York City, brings this suit against MCC staff members alleging violations of her constitutional rights on account of sexual orientation discrimination and retaliation. Defendants Ms. Patterson, Ms. Vitale, Lt. Grijalva, and A.W. Nash move to dismiss or, in the alternative, for summary judgment. The Court converts Defendants' motion to the latter and, because Batista failed to exhaust her administrative remedies, grants summary judgment in favor of Defendants.[1]

---

[1] In addition to arguing for dismissal on failure to exhaust grounds, Defendants also contend, *inter alia*, that the *Bivens* remedy does not cover the conduct alleged in this case, that all Defendants are entitled to qualified immunity, and Batista fails to allege personal involvement of certain Defendants. Dkt. 20 ("Motion") at 6-15. Because the Court agrees that Batista failed to exhaust her administrative remedies, the Court does not reach these alternative arguments for dismissal.

## I. Background

The Court draws the following background from the allegations in Batista's complaint, Dkt. 2 ("Complaint"), and uncontested evidence offered by Defendants as to Batista's pursuit of administrative remedies within the Bureau of Prisons ("BOP"), *see* Dkt. 21 ("Peakes Declaration").

### A. Factual Allegations

Batista, a former inmate at the MCC, Complaint at 2, alleges that Patterson, the counselor of her prison unit, *id.* at 3, posted signs throughout the unit with the message "NO OPPOSITE SEX," *id.* at 4. Batista claims that when she inquired about the signs, Patterson responded that the signs referred to "whatever [Batista] [is]." *Id.* at 4. Batista contends that Patterson also entered Batista's cell and berated her. *Id.* Batista further alleges that, on May 12, 2020, after Batista said she was going to report Patterson, Patterson falsely accused Batista of a disciplinary infraction for threatening Patterson, resulting in Batista's confinement in the MCC's Special Housing Unit ("SHU"). *Id.* Batista claims that, while in the SHU, she was denied recreation time, monthly calls, and other benefits afforded other inmates. *Id.* at 4-5. She further contends that, although her "tickets" for the purported disciplinary violation were dismissed on June 23, 2020, she was forced to remain in the SHU through at least July 8, 2020. *Id.* at 5. Batista alleges that, as a result, she experienced anguish and depression, as well as a rash due to the prison staff's failure to give her a new medical mask. *Id.* at 4-5.

### B. Procedural History

Batista first filed a grievance based on the aforementioned allegations with the MCC on June 30, 2020. *See* Peakes Declaration ¶ 10 ("In the grievance, [Batista] alleges that 'Ms. Patterson has been retaliating' against [Batista], that [Batista] has spent time in the Special Housing Unit

2

('SHU') but 'do[es]n't know why' she was sent there, and that Ms. Patterson 'berated [her] disrespectfully' on May 12, 2020." (fourth and fifth alterations in original)).  Batista then mailed her federal Complaint to the Court's Office of Pro Se Litigation.  *See* Complaint at 7.  The Complaint was filed on July 21, 2020.  Ten days later, on July 31, 2020, the then-Warden of the MCC, Vitale, responded to Batista's administrative grievance, granted her request for assistance from a mental health professional, and told Batista that she could appeal to the BOP's Regional Director within twenty days.  *See* Peakes Declaration ¶ 12.  Batista appealed to the Regional Office of the BOP forty-seven days later on September 16, 2020, and thence to the Central Office on December 1, 2020.  *See id.* at ¶ 13.  The Central Office rejected Batista's grievance on procedural grounds and instructed her to re-file with the BOP's Regional Office, which she had not done as of January 4, 2021.  *See id.*

On January 11, 2021, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56.  Dkt. 19.  Batista's opposition was originally due February 11, 2021.  Dkt. 18.  The Court subsequently extended the deadline for Batista's opposition, including most recently after Batista filed a "Notice of Change of Address," dated July 8, 2021, indicating that she had been transferred to the Federal Correctional Institution in Tallahassee, Florida.  Dkt. 27.  In extending Batista's time to oppose Defendants' motion until August 26, 2021, the Court emphasized that "[n]o further extensions will be granted absent exceptional circumstances."  Dkt. 28.  A copy of the Court's order granting Batista's deadline extension and another copy of Defendants' motions papers were sent to Batista by the Clerk of the Court.  *Id.*  To date, however, Batista has not filed an opposition to Defendants' motion.

## II. Legal Standards

**A. Conversion to Summary Judgment**

As noted, Defendants move to dismiss or, in the alternative, for summary judgment. *See* Motion at 1.  Because exhaustion is an affirmative defense, not an element of a claim, Batista is "not required to specifically plead or demonstrate exhaustion in [her] complaint[]." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Nevertheless, "[i]f nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss . . . should be granted." *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).  Here, Batista's Complaint does not address whether she exhausted administratively.

A motion to dismiss may be converted to one for summary judgment pursuant to Rule 56 "on the narrow issue of exhaustion" when "the opposing party is given proper notice of the conversion." *McCoy*, 255 F. Supp. 2d at 252.  At the time Defendants filed their motion, they also served Batista with a Notice to *Pro Se* Litigant pursuant to Local Civil Rule 12.1, advising Batista of the possibility and implications of conversion, as well as the text of Rule 56.  Dkts. 22, 23.[2]

---

[2] The Notice advised Batista, in relevant part:

> You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56 and/or other documents. . . .
>
> In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. . . .
>
> If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept [the]

After Batista advised the Court of her change of address, Dkt, 27, the Court extended Batista's time to respond to August 26, 2021 and sent another set of copies of Defendants' motion papers and the Notice pursuant to Local Civil Rule 12.1 to that new address, Dkt. 28.  The Court therefore concludes that Batista had sufficient notice of the possibility of conversion and converts Defendants' motion to one under Rule 56.  *See, e.g.*, *Redman v. N.Y. State Dept. of Corr. Servs.*, 541 F. App'x 52, 52 (2d Cir. 2013); *Simon v. Campos*, No. 09 Civ. 6231 (PKC), 2010 WL 1946871, at *1 (S.D.N.Y. May 10, 2010).

**B.  Summary Judgment**

A district court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,'" and "[a] fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding a motion for summary judgment, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment."  *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (quoting *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001)).

---

defendant's facts as true.  Your case may be dismissed and judgment may be entered in [the] defendant's favor without a trial.

Dkt. 22 at 1-2.

Batista is proceeding *pro se*.  When a *pro se* litigant is involved, the same standards for summary judgment apply, but "the *pro se* litigant 'should be given special latitude in responding to a summary judgment motion.'"  *Knowles v. N.Y. City Dep't of Corr.*, 904 F. Supp. 217, 220 (S.D.N.Y. 1995) (quoting *Gonzalez v. Long*, 889 F. Supp. 2d 639, 642 (E.D.N.Y. 1995)).  The Court therefore has read Batista's pleadings "liberally and [has] interpret[ed] them 'to raise the strongest argument that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).  This principle, however, has limits and "does not relieve plaintiff of [her] duty to meet the requirements necessary to defeat a motion for summary judgment."  *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003) (internal citation and quotation marks omitted).  "[A] pro se party's bald assertions unsupported by evidence" are therefore "insufficient to overcome a motion for summary judgment."  *Parker v. Fantasia*, 425 F. Supp. 3d 171, 183-84 (S.D.N.Y. 2019) (quoting *Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund.*, 27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014)).

### III. Discussion

The Prison Litigation Reform Act ("PLRA") bars actions "with respect to prison conditions . . . by . . . a prisoner confined in any . . . correctional facility" until "administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The first question is whether Batista's action falls within the scope of the PLRA.

At the time of Batista's complaint, she was a prisoner at the MCC.  Complaint at 4.  As noted, Batista is now incarcerated at the Federal Correctional Institute in Tallahassee, Florida.  Dkt.

27.  She is thus a "prisoner" at a "correctional facility" for purposes of the PLRA.  *See, e.g., May v. Segovia*, 929 F.3d 1224, 1234 (10th Cir. 2019).

Batista's suit also concerns "prison conditions."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  As relevant to Batista's allegations, the PLRA applies to both sex discrimination claims, *see, e.g., Lucente v. Cty. of Suffolk*, 980 F.3d 284, 311-13 (2d Cir. 2020), and medical treatment claims, *see, e.g.*, *Long v. Lafko*, 254 F. Supp. 2d 444, 446-48 (S.D.N.Y. 2003).  Batista therefore was required to comply with the PLRA's exhaustion requirement before filing suit in federal court.

The BOP has a "four-step administrative grievance system for prisoner complaints." *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (citing 28 C.F.R. § 542); *see* Peakes Declaration ¶¶ 3-7.  First is an informal attempt by the prisoner to resolve the issue with prison staff.  28 C.F.R. § 542.13(a).  Second is the submission by the prisoner of a written Administrative Remedy Request to prison staff within twenty days of the basis for the Request.  *Id.* § 542.14 (a).  Third is an appeal of an unsatisfactory response from the Warden to the appropriate BOP Regional Director within twenty days of the Warden's signed response.  *Id.* § 524.15(a).  And fourth is an appeal to the BOP's General Counsel, which must be made within thirty days of the Regional Director's response.  *Id.*  This final step entails "filing a Central Office Administrative Remedy Appeal ('BP-11') with the BOP's General Counsel."  Peakes Declaration ¶ 6.

Batista failed to exhaust for two reasons.  First, "the PLRA exhaustion requirement requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), including "compliance with an agency's deadlines," *id.* at 90.  Batista filed her grievance on June 30, 2020, *see* Peakes Declaration

7

¶ 10, before the conclusion of the course of violations she alleges, which allegedly continued until at least July 8, 2020, *see* Complaint at 5.  Furthermore, the Warden responded to Batista's grievance on July 31, 2020, *see* Peakes Declaration ¶ 12, but Batista did not appeal that response to the Regional Director until September 16, 2020, *see id.* ¶ 13, outside the twenty-day deadline for that appeal.  The Central Office of the BOP then rejected a further appeal on December 1, 2020 as procedurally deficient, and directed Batista to the BOP's Regional Director, but she failed to resubmit her appeal.  *See id.* ¶ 13.  This failure to comply with the BOP's administrative procedures warrants summary judgment.  *See Woodford*, 548 U.S. at 93-95; *see also Jones*, 549 U.S. at 217-18 (explaining that "[c]ompliance with prison grievance procedures . . . is required to properly exhaust").

Second, and relatedly, Batista filed the Complaint on July 15, 2020, more than two months before her appeal to the Regional Director and more than four months before her appeal to the Central Office.  *See* Complaint at 6.  "[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."  *Neal v. Goord*, 267 F.3d 116, 123 (2d Cir. 2001), *overruled on other grounds by Porter*, 534 U.S. 516; *see also Girard v. Chuttey*, 826 F. App'x 41, 44-45 (2d Cir. 2020); *Perez v. Wisc. Dept. of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999).

Under the PLRA, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), except under the PLRA's "own, textual exception to exhaustion," *id.* at 1858.  The PLRA requires exhaustion of "available" administrative remedies.  *Id.* at 1859.  Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained

8

of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Unavailability can occur when officials consistently deny relief to aggravated inmates, enforce a system so opaque that prisoners cannot realistically use it, or prevent exhaustion via "machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60.

In this case, Defendants have presented evidence of the availability of the BOP's administrative remedies, *see generally* Peakes Declaration, and Batista in fact has availed herself to these procedures. The BOP's records indicate that Batista "filed 7 formal grievances or appeals while incarcerated at the MCC," with the most recent (as of January 4, 2021) being filed on December 1, 2020. *Id.* ¶ 9. And with respect to the conduct alleged in this case, Batista pursued the BOP's administrative remedies (but failed to exhaust them), both before and after the filing of the Complaint. As explained above, she completed the first steps of the administrative process in a timely manner before filing the Complaint. *Id.* ¶ 10. Her request for mental health treatment was granted through the administrative process. *Id.* ¶ 11. And she filed an appeal to the BOP's Regional Office, although an untimely one. *Id.* ¶ 13; *see Brown v. Phipps*, No. 19 Civ. 4356 (PMH), 2021 WL 3604664, *5 (Aug. 12, 2021) (granting summary judgment to the defendants when the plaintiff used administrative procedures but failed their procedural requirements).

### IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 27, 2021
New York, New York

  _____
  JOHN P. CRONAN
  United States District Judge